# EXHIBIT

# 9



July 22, 2020

Dr. Amy Hecht, Vice President for Student Affairs
Florida State University
313 Westcott Building
Tallahassee FL, 32306-1340
*Sent via E-mail to ahecht@fsu.edu*

Dear Dr. Hecht,

  I wrote to you on July 2 notifying you of Mr. Denton's complaint to the Student Supreme Court filed on June 18. At that time, no representative of the Student Supreme Court had taken notice of Mr. Denton's appeal and the Student Senate had not confirmed the nominees for temporary justices forwarded to it by the Student Body President on June 24. Since that time, the Student Senate refused to confirm a temporary chief justice prior to the conclusion of its regular session, effectively preventing Mr. Denton's case from being heard.

  The Student Senate's actions in the time since my initial letter have demonstrated that it refused to confirm a temporary chief justice for the purpose of derailing Mr. Denton's complaint. After the Student Body President forwarded his nominees to the Student Senate, the Student Senate deviated from the procedure specified in Student Body Statute § 510(C)(2), which provides that nominations for temporary justices "shall go directly to the floor at the earliest summer session of the Student Senate." On July 8, the Student Senate referred Abby Salter's nomination to the Judiciary Committee instead of giving her an up or down vote on the Student Senate floor as required by Section 510(C)(2). The Student Senate's referral of Ms. Salter's nomination to the Judiciary Committee caused additional delay, ultimately preventing her confirmation.

  At the Judiciary Committee hearing on July 14, Senators vetted Ms. Salter with Mr. Denton's case in mind, asking whether she was aware of his case, how she would have ruled as a Justice of the United States Supreme Court in the cases of *Obergefell v. Hodges* and *Bostock v. Clayton County*, and inquiring about her "education . . . in regard to the LGBTQ+ community" and how she planned "to educate" herself "on this community."[1] Senator Gnanam was unsatisfied with Ms.

---

[1] *Hearing before the Judiciary Committee*, 72nd Student Senate 2–3 (July 14, 2020) *available at* http://sga.fsu.edu/committee-minutes/summer20/Judiciary-Committee7.14.20.pdf (accessed July 21, 2020).

Dr. Amy Hecht
July 22, 2020
Page 2

Salter's answers. Senator Gnanam said of Ms. Salter, "Her limited knowledge [of the LGBTQ+ community] is very concerning and frustrating. Since there is *such a sensitive case* on the docket it is very concerning what the repercussion of this could be. I don't feel comfortable having her preside over *this case*."[2]

While the Judiciary Committee ultimately reported Ms. Salter's nomination back to the Student Senate, the Student Senate refused to act on her nomination, even opening the calendar at its final meeting on July 15 in order to consider resolutions rather than confirmations. After the Student Senate considered resolutions, it adjourned without voting on Ms. Salter's nomination. No judicial nominations can be considered until the 73rd Student Senate begins its session in September, and there is no way to predict how long it will take for a duly-constituted Student Supreme Court to convene. The Student Senate's actions have therefore prevented Mr. Denton's case from being considered before his term as Student Senate President would have expired, had he not been removed through a vote of no-confidence that violated Student Senate rules, Student Body Statutes, and federal law.

The Student Senate's refusal to seat a Court that could hear Mr. Denton's complaint, with the apparent purpose of thwarting his complaint, amounts to a decision denying his complaint. Consequently, Mr. Denton is hereby appealing the denial of his complaint to you under Student Supreme Court Rule 3.8. The substance of Mr. Denton's appeal is attached.

Please inform us by **July 29, 2020** whether you take notice of this appeal and, if so, when you will hold a hearing to consider the appeal.

                        Respectfully Submitted,

                        s/*Tyson C. Langhofer*
                        Tyson C. Langhofer
                        tlanghofer@ADFlegal.org
                        ALLIANCE DEFENDING FREEDOM
                        20116 Ashbrook Pl., Suite 250
                        Ashburn, VA 20147

Enclosure

---

[2] *Id.* at 5–6 (emphasis added).

DATE: July 22, 2020
TO: Dr. Amy Hecht
FROM: Jack Denton
RE: Appeal of denial of complaint to FSU Student Supreme Court

### INTRODUCTION

On June 18, 2020, I filed a complaint with the Student Supreme Court invoking the Student Supreme Court's original jurisdiction under Article IV of the Student Body Constitution. The Student Senate's actions have prevented the Court from hearing my complaint and amount to a denial of my complaint. Therefore, I submit this administrative appeal under Student Supreme Court Rule 3.8.

### I. Factual Background

I am a Catholic student at FSU and I was the SGA Student Senate President. In a private text conversation with other Catholic students, one student shared a link to a video that raises ad revenue for a number of organizations. Wanting the group to be aware of what they might be supporting financially, I sent a message saying,

> "The various funds on that list are fine causes as far as I know, but everyone should be aware that BlackLivesMatter.com, Reclaim the Block, and the ACLU all advocate for things that are explicitly anti-Catholic."

When others asked for more details, I explained,

> "BlackLivesMatter.com fosters 'a queer affirming network' and defends transgenderism. The ACLU defends laws protecting abortion facilities and sued states that restrict access to abortion. Reclaim the block claims less police will make our communities safer and advocates for cutting PD's budgets. This is a little less explicit, but I think it's contrary to the Church's teaching on the common good."

I sent one more message, which said,

> "I don't mean to anger anyone – I know this is a very emotional topic. However, it is important to know what you're supporting when you're Catholic. If I stay silent while my brothers and sisters may be supporting an organization that promotes grave evils, I have sinned through my silence. I love you all, and I want us all to be aware of the truth. As far as [whether] it's a religious issue or not, there isn't an aspect of our lives that isn't religious, because God wants our whole lives and everything we do to be oriented around him!<3"

One student took screenshots of my messages and shared them with other students, including members of the Student Senate. Many students (including SGA officials) shared my remarks on social media, calling me "transphobic," "racist," and much else. In response to calls for my removal as Student Senate President, the Student Senate held a vote of no-confidence on June 3, 2020. The vote was 21 in favor to 16 against, short of the two-thirds majority required to remove me. In response to intensifying pressure to remove me, the Student Senate reconvened on June 5, 2020. At that meeting, Senator Gnanam introduced a second motion of no-confidence. President Pro Tempore Daraldik presided over the Senate during the consideration of Senator Gnanam's motion. The Student Senate approved the second motion of no-confidence by a margin of 38 in favor, 3 against, and 3 abstentions. The student senators who spoke in favor of the motion said explicitly that it was because of my beliefs, as communicated in my private texts, that they chose to remove me as Student Senate President.

For example, Senator Gnanam, the proponent of the motion of no-confidence, said of my words, "I can think of no more abhorrent thing to hear coming from our Senate Leadership and it is time for us to take action." Senator Gnanam said that refusing to remove me "would effectively be enabling bigotry." Senator Leckie said, "We're living through a time of incredible social change and, now more than ever, we need to do something about the issues of our time. So that's why I think we should support this motion." Senator Waters said,

> "I strongly believe these statements are anti-black and should not have been made. What was said was a clear violation between separation of church and state, and it hurt many people in the process. It is important for all leaders to be at the tip of the spear driving home diversity and inclusion in all walks of life, and that includes our power-wielding officials who often hold certain privileges at this university. What Denton said should not, and will not, be a representation of who we are. Our leaders are public entities and we must demand the utmost of decorum from them. This is disgraceful."

After I was removed from my position, the Student Senate selected Ahmad Daraldik to succeed me as Student Senate President. In the days following Mr. Daraldik's selection, some of his past comments on social media came to light. President Thrasher recognized Mr. Daraldik's comments as "offensive anti-Semitic rhetoric" and issued a statement condemning religious discrimination.[1] The Student

---

[1] John Thrasher, *A message from President John Thrasher: Anti-Semitism and religious discrimination*, FLORIDA STATE UNIVERSITY NEWS (June 18, 2020) *available at* https://news.fsu.edu/news/university-news/2020/06/18/a-message-from-president-john-thrasher-anti-semitism-and-religious-discrimination/ (accessed July 21, 2020).

2

Senate held a vote on a motion of no-confidence in Mr. Daraldik on June 17, 2020. That motion failed by a vote of 19 in favor, 16 against, and 6 abstentions.

## II. Grounds for the Student Supreme Court's Jurisdiction and this Appeal

The Student Supreme Court has jurisdiction under Article IV § 3 of the Student Body Constitution and Student Body Statute § 500.3(A) because this complaint alleges violations of the Student Body Constitution and Statutes and involves questions of the constitutionality of actions by student governing groups under the Student Body Constitution and the Constitution of the United States.

The Student Supreme Court has jurisdiction under Article IV § 4 of the Student Body Constitution and Student Body Statute § 205.5 because this complaint alleges violations of the SGA Ethics Code.

Because the Student Senate's actions rendering the Student Supreme Court incapable of hearing my complaint amount to a denial of my complaint, I appeal to the Office of the Vice President for Student Affairs under Supreme Court Rule 3.8.

## III. Grounds for Relief
### A. *Violation of Student Body Statutes*

The Student Senate's decision to remove me as Student Senate President violated Student Body Statute § 206.1, which prohibits each "Student Government Association officer" and "branch" from practicing "discrimination." Section 206.1 defines "discrimination" as "differential treatment of a student based on . . . religion." The senators who voted in support of removing me did so explicitly because of my religious views which they learned of from my private text messages. The senators did not stop at disagreeing with me or denouncing me publicly – they took concrete action against me because of my views.

In stark contrast, the Student Senate then refused to remove Mr. Daraldik for his "offensive anti-Semitic rhetoric." Therefore, the Student Senate cannot claim to be applying a neutral standard requiring the Student Senate President to avoid "offensive" speech generally. Rather, the Student Senate took action against me because it disfavored my religious speech in particular. This is "differential treatment" of me based on my religion in violation of section 206.1.

### B. *Violation of the SGA Ethics Code*

The SGA Ethics Code is set forth in chapter 205 of the Student Body Statutes. Section 205.3(F) provides, "No officer or employee will practice any discrimination as defined in the Student Government Association Anti-Discrimination Policy." For the reasons described in Part III.A above, the student senators who voted to remove me

because of my religious views have violated the Ant-Discrimination Policy and, therefore, have also violated the SGA Ethics Code.

### C. *Violations of Other Constitutional Provisions*

The SGA Ethics Code explicitly requires SGA officers to respect each student's "rights guaranteed by the Federal and State Constitution." § 205.3(F)(1). The Student Senate is also a legislative body established by state law. Fla Stat. Ann. § 1004.26(2). The Student Senate's decision to remove me is state action denying me a vested benefit in retaliation for my private speech on matters of public concern in violation of the First Amendment to the United States Constitution. *See Bond v. Floyd*, 385 U.S. 116, 130 (1966).

My removal as Student Senate President also violated the Student Body Constitution because the Senate acted in breach of its own rules and, consequently, beyond the scope of its own authority. Student Senate Rule 1.10 prohibits "[m]otions of no-confidence . . . that would result in violations of the Senate Conduct Code." The Senate Conduct Code, set forth in Senate Rule 12.10, requires each member of the Senate to "conduct him or herself at all times in a manner . . . free from discrimination." Because the basis for the motion of no-confidence in me as Student Senate President was discrimination as defined in Student Body Statutes (*see supra* Part III.A.), the motion was improper under Student Senate Rule 1.10, and my removal was ultimately beyond the Senate's power in violation of the Student Body Constitution.

### IV. Prayer for Relief

I respectfully request that you find in my favor and grant the following relief:

- A. A declaration that the motion of no-confidence removing me as Student Senate President on June 5, 2020 violated my rights under the Student Body Constitution, the Student Body Statutes, and the Constitution of the United States;
- B. An instruction to the Student Supreme Court to issue a writ of mandamus under Article IV § 3(C)(4) of the Student Body Constitution ordering the Student Senate to reinstate me as Student Senate President, or such other appropriate action as is necessary to reinstate me as Student Senate President;
- C. Compensation for lost wages from June 5, 2020 until the time of my reinstatement as Student Senate President; and
- D. Any other such relief as the you may deem appropriate as Vice President for Student Affairs.

Respectfully submitted,

*/s/ Jack Denton*
Jack Denton
jackddenton@gmail.com