UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**JACK D. DENTON**

    Plaintiff,

v.                                CASE NO.: 4:20-cv-00425-AW/MAF

**JOHN E. THRASHER, President of Florida
State University, in his official and individual
capacities, et al.**

    Defendants.

_____/

## DEFENDANTS DARALDIK AND HARMON'S MOTION TO DISMISS COMPLAINT WITH PREJUDICE AND SUPPORTING MEMORANDUM OF LAW

Defendants Ahmad Daraldik and Alexander Harmon hereby move this Court to dismiss Plaintiff Jack Denton's Complaint (ECF No. 1) pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, and as grounds therefore, state as follows:

1. Plaintiff asserts a three-count claim against Daraldik and Harmon in their individual and official capacities. Plaintiff brings this claim under 42 U.S.C. § 1983, alleging Plaintiff was removed from his position as President of Florida State University's ("FSU") Student Senate, which is a part of FSU's Student Government Association ("SGA"), in violation of the First Amendment to the United States Constitution.

2.     This Court should dismiss Plaintiff's Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted. Specifically, dismissal is warranted because: (1) Daraldik and Harmon are not state actors and thus cannot be subjected to liability under 42 U.S.C. § 1983; (2) qualified immunity bars Plaintiff's claims against Daraldik and Harmon; (3) Plaintiff fails to plead sufficient facts to state claims for relief against Daraldik and Harmon; and (4) Plaintiff should not be able to maintain official capacity claims against Daraldik and Harmon.

WHEREFORE, for the reasons set forth in the Memorandum of Law, incorporated *infra*, Defendants Daraldik and Harmon respectfully request this Court dismiss Plaintiff's Complaint with prejudice.

## **MEMORANDUM OF LAW**

In determining whether dismissal is warranted under Rule 12, the allegations of the complaint are taken as true and construed in the light most favorable to the non-moving party.  *See Scott v. Taylor*, 405 F.3d 1251, 1253 (11th Cir. 2005).  To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).  The Court's analysis must disregard conclusory statements in the

complaint, as well as legal conclusions pled as factual allegations. *Iqbal*, 556 U.S. at 678.

## I. Lack of State Action Precludes Liability Against Daraldik and Harmon Under 42 U.S.C. § 1983.

"The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights 'fairly attributable to the state?'" *Rendell–Baker v. Kohn*, 457 U.S. 830, 838 (1982). A court's inquiry ends where the actions of the defendants are not state action. *Id.*

The § 1983 claims against Daraldik and Harmon fail to allege state action by these two FSU students. Plaintiff's Complaint seeks to impose § 1983 liability on Daraldik and Harmon not due to any affirmative acts they individually took against Plaintiff, but rather, for the sole fact that these two individuals are figure-heads of the Student Senate, in that they serve as the Senate President and President Pro Tempore. Regardless, "student members of a student government organization are not state actors in the absence of allegations that college officials 'coerced or encouraged' the alleged acts of the students. *Dharod v. Los Angeles City Coll.*, 2011 WL 3555622, at *6 (C.D. Cal. June 7, 2011), *report and recommendation adopted*, 2011 WL 3555793 (C.D. Cal. Aug. 11, 2011), *aff'd in part, vacated in part, remanded*, 509 F. App'x 664 (9th Cir. 2013) (citing *Husain v. Springer*, 494 F.3d 108, 134-35 (2d Cir. 2007), *cert denied*, 552 U.S. 1258 (2008)); *see also*, *San

*Francisco Arts & Athletics, Inc. v. United States Olympic Committee*, 483 U.S. 522, 546 (1987) (holding a government failure to supervise or "mere approval or acquiescence" in the private decision of a private actor does not render the private entity a state actor).

In *Dharod*, the plaintiff, an elected member of the college's student government, brought claims alleging constitutional violations, pursuant to § 1983, against fellow students serving in student government, after the plaintiff was impeached and removed from the student senate. The plaintiff's claims were dismissed with prejudice on a finding that the student defendants were not acting under the color of state law in impeaching the plaintiff. *Dharod*, 2011 WL 3555622 at *7. The *Dharod* court concluded that the private decisions made by the private student defendants were insufficient to transform the student defendants into state actors.[1] *Id.* (citing *San Francisco Arts & Athletics, Inc.*, 483 U.S. at 546); *see also*, *Florida A&M University Bd. Of Trustees v. Bruno*, 198 So. 3d 1040, 1044-45 (Fla. 1st DCA 2016) (finding "student government is an extracurricular activity-not real government-and it is well-settled that students have no constitutionally protected right to participate in extracurricular activities) (citations omitted). "[T]he mere fact that the students' conduct was 'authorized by state law'

---

[1] The Ninth Circuit specifically affirmed this portion of the district court's opinion. *Dharod*, 509 F. App'x at 664.

[is] insufficient to demonstrate that the students were state actors." *Dharod*, 2011 WL 3555622 at *7 (citing *Husain*, 494 F.3d at 116-18, 134-35).

Plaintiff has brought three counts against Daraldik and Harmon, all under § 1983. The entire complaint asserted against Daraldik and Harmon should be dismissed because Plaintiff fails to allege that FSU officials "coerced or encouraged" any acts specifically attributable to these Defendants. This dismissal should be with prejudice, as Plaintiff's verified Complaint admits that "University officials took no action to correct the Student Senate's clear violation of Mr. Denton's rights, despite having the authority to do so." (ECF No. 1, p. 4-5, ¶ 8). Plaintiff expressly recognizes neither Daraldik nor Harmon were compelled by FSU to take any action. As *Rendell–Baker v. Kohn* provides, this Court's inquiry stops here as no state action occurred. *Rendell–Baker*, 457 U.S. at 838; *see also*, *Dharod*, 2011 WL 3555622, at *7 (finding dismissal with prejudice appropriate where the plaintiff alleged the college officials did not intervene in the student-defendants' actions). Dismissal with prejudice, of Plaintiff's claims against Daraldik and Harmon in both their individual and official capacities, is warranted.

## II. Qualified Immunity Bars Claims Brought Against Daraldik and Harmon in their Individual Capacities.

If this Court were to find that Plaintiff adequately pleaded state action on Daraldik and Harmon's part, dismissal with prejudice is nevertheless warranted because these defendants are entitled to qualified immunity.

"Qualified immunity" requires courts dismiss claims against government actors sued in their individual capacities unless the actors' conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). That qualified immunity protects government actors is the usual rule; only in exceptional cases will such actors have no shield for claims made against them in their individual capacities. *Id.* The immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986); *see also*, *Holt v. U.S. Atty. Gen.*, 486 F. App'x 97, 99 (11th Cir. 2012) (noting qualified immunity offers complete protection).

Explaining the rationale behind the qualified immunity defense, the Eleventh Circuit has stated:

> Claims for money damages against government officials in their individual capacity involve substantial costs not only for the individual official—who incidentally may be innocent—but for society in general. "These social costs include the expenses of litigation, the diversion of official energy from pressing public issues, and the deterrence of able citizens from acceptance of public office. Finally, there is the danger that fear of being sued will 'dampen the ardor of all but the most resolute, or the most irresponsible [public officials], in the unflinching discharge of their duties.'"

*Foy v. Holston*, 94 F.3d 1528, 1532 (11th Cir. 1996) (quoting *Harlow*, 457 U.S. at 814). "Qualified immunity is meant to ensure that government officials are not

6

afraid to fulfill their job-related responsibilities." *Williams v. Consol. City of Jacksonville*, 381 F.3d 1298, 1307 (11th Cir. 2004) (citation omitted).

These policies behind the qualified immunity defense dictate that the defense be decided as early as possible in a case. *See, e.g.*, *Anderson v. Creighton*, 483 U.S. 635, 646 n. 6 (1987). A reviewing court may address qualified immunity by motion to dismiss. *See, e.g.*, *Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010) (affirming district court order granting motion to dismiss on qualified immunity grounds).

"In order to receive qualified immunity, the public official must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002). Government employees act within their discretionary authority where objective circumstances show the challenged actions occurred in the performance of the employees' duties "and within the scope of this authority." *Boyce v. Andrew*, 510 F.3d 1333, 1341 (11th Cir. 2007) (citing *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1185 n. 17 (11th Cir. 1994)).

If this Court finds that, contrary to the argument *supra*, the factual assertions against Daraldik and Harmon plead state action, this Court should conclude these defendants were acting within the scope of their discretionary authority, as the

facts alleged against these defendants are all related to acts carried out in their capacity as SGA student senators.[2]

Establishing the alleged constitutional violation occurred while the public official was acting within the scope of discretionary authority, the burden shifts to the plaintiff to overcome the defense of qualified immunity. *Moran v. Cameron*, 362 F. App'x 88, 92 (11th Cir. 2010) (citing *Kingsland v. City of Miami*, 382 F.3d 1220, 1232 (11th Cir. 2004)). "The applicability of qualified immunity is subject to a two-part test, which asks whether the officer's conduct amounted to a constitutional violation, and whether the right violated was clearly established at the time of the violation." *Blickley v. Ford*, 390 F. App'x 890, 892 (11th Cir. 2010). The order of the inquiry is fluid, providing the reviewing court the flexibility to address the two issues in either order. *Blickley*, 390 F. App'x at 892; *Lewis v. City of West Palm Beach, Fla.*, 561 F.3d 1288, 1291 (11th Cir. 2009) (citing *Pearson v. Callahan*, 555 U.S. 223, 242 (2009)). If a plaintiff cannot prove either part of the two-part test, further inquiry into the other part is not necessary by the reviewing court, as the government official is entitled to qualified immunity. *See, e.g., Melton v. Abston*, 841 F.3d 1207, 1221 (11th Cir. 2016) (noting a plaintiff must establish both prongs of the analysis to overcome a defense of

---

[2] It seems impossible that Daraldik and Harmon's actions could be state action for § 1983 purposes and somehow not concurrently taken within their discretionary authority as student senators.

qualified immunity); *Federov v. Board of Regents*, 194 F. Supp. 2d 1378, 1390 (S.D. Ga. 2002).

### A. The Law is Not Clearly Established.

Daraldik and Harmon are entitled to qualified immunity because Plaintiff cannot show that the rights asserted by him were clearly established at the time of the alleged violation. "For the law to be clearly established, the law must have earlier been developed in such a concrete and factually defined context to make it obvious to all reasonable government actors, in the defendant's place, that 'what he is doing' violates federal law." *Sherrod v. Johnson*, 667 F.3d 1359, 1363 (11th Cir. 2012) (citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

Plaintiff's burden is not satisfied by referencing abstract constitutional guarantees. *Anderson*, 483 U.S. at 640. Where precedent makes the unlawfulness of the defendant's actions apparent, then the law is clearly established. *McMillian v. Johnson*, 88 F.3d 877, 881 n.6 (11th Cir. 1995). In determining whether the law was clearly established, this Court should look only to binding precedent at the time of the challenged conduct, which includes decisions of the Supreme Court, decisions of the Eleventh Circuit, or decisions of the Florida Supreme Court. *Echols v. Lawton*, 913 F.3d 1313, 1324 (11th Cir. 2019). "If case law, in factual terms, has not staked out a bright line, qualified immunity almost always protects

the defendant." *Post v. City of Fort Lauderdale*, 7 F.3d 1552, 1557 (11th Cir. 1993).

Plaintiff cannot show the law is clearly established under the particular facts of this case. Simply, Plaintiff cannot point to decisions addressing the bounds of the First Amendment in the student government context, making it obvious to Daraldik and Harmon, that the actions attributed specifically to them violated federal law. There are no decisions of the Supreme Court, Eleventh Circuit, or Florida Supreme Court that satisfy Plaintiff's burden.

While there are no decisions that establish the second prong of the qualified immunity analysis for Plaintiff, there are decisions which support Daraldik and Harmon's entitlement to qualified immunity. For example, in *Siddique v. Lailiberte*, 2020 WL 5035811 (7th Cir. Aug. 26, 2020), the Seventh Circuit Court of Appeals recently addressed a claim with facts similar to those before this Court. In *Siddique*, the plaintiff was a student at the University of Wisconsin whose application for a student-government position was rejected. *Id.* at *1. The plaintiff alleged the rejection violated his First Amendment rights, contending that he was retaliated against for his critical stances against the university administration who worked with the student government. *Id.* The district court found qualified immunity applied by concluding that federal law had not clearly established the

right of a student to participate in student government. *Id.* at *3. The Seventh Circuit affirmed. *Id.*

Finding the defendants were entitled to qualified immunity, the *Siddique* court found:

> [W]e must "define carefully, and at the right level of detail, the constitutional right" being asserted. *Frederickson v. Landeros*, 943 F.3d 1054, 1059 (7th Cir. 2019); *see also White v. Pauly*, --- U.S. ---, 137 S. Ct. 548, 552, 196 L.Ed.2d 463 (2017) (per curiam). For a right to be clearly established, "existing precedent must have placed the statutory or constitutional question beyond debate." *Mullinex v. Luna*, --- U.S. ---, 136 S.Ct. 305, 308, 193 L.Ed.2d 255 (2015) (quoting *Ashcroft v. al-Kidd*, 536 U.S. 731, 741, 131 S. Ct. 2074, 179 L.Ed.2d 1149 (2011)). And while a case directly on point is not required, "the clearly established law must be 'particularized' to the facts of the case." *White*, 137 S. Ct. at 552 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L.Ed.2d 523 (1987)).

*Siddique*, 2020 WL 5035811 at *4. The court found no cases addressing the bounds of First Amendment retaliation in the student government context, much less the factual context presented by the plaintiff. *Id.* The court found it was "left without any analogous comparators applying First Amendment retaliation principles to student-government operations" and as such, the plaintiff "did not meet his burden in coming forward with clearly established federal law that places 'the statutory or constitutional question beyond debate.'" *Id.* at *5 (citations omitted).

The analysis in *Siddique* compels a similar conclusion here. The Seventh Circuit addressed the asserted right of participation in student government, and

11

could find no authority clearly establishing that right. In this case, the particular factual context is far narrower than *Siddique*. There is no question that Plaintiff continues to participate in student government, as even after the no-confidence vote, Plaintiff remains a senator. The particular right Plaintiff proffers in this case is not simply a right to participate in student activities, but rather, an alleged constitutional right to remain a figure-head of a student organization that self-determines, by a democratic vote, who serves amongst themselves as such figure-head. Plaintiff cannot come forward with clearly established law that puts this question beyond debate. Daraldik and Harmon are entitled to qualified immunity.

      **B.    Deficiency in Plaintiff's Factual Pleadings.**

In addition to showing a clearly established right at the time of the challenged conduct, the Plaintiff also must plead facts showing that the state actor violated a statutory or constitutional right to overcome qualified immunity. *Echols*, 913 F.3d at 1319. Plaintiff fails to meet this pleading obligation for either Daraldik or Harmon.

The pleadings specifically mentioning Harmon are practically non-existent. After the case style, Harmon's name does not show up in the pleading until page eleven, where it is simply mentioned that he is the Senate President Pro Tempore and has the powers and duties of the Senate President in the president's absence. (ECF No. 1, p. 11, ¶¶ 47-48). Plaintiff later alleges Harmon is, "on information

and belief," a member of a particular caucus in the Senate. (*Id.* at p. 21, ¶ 103). Harmon is alleged to "continue to enforce" the Senate's actions against Plaintiff (presumably the June 5, 2020, no-confidence vote against Plaintiff). (*Id.* at p. 25, ¶ 124). Plaintiff's factual allegations against Harmon fall far short of making the requisite showing that Harmon violated a statutory or constitutional right of Plaintiff. The Complaint's allegations against Harmon do not even allege Harmon took even one singular affirmative act-Harmon simply has no liability in this case, and is certainly entitled to qualified immunity.

      The pleadings against Daraldik fare no better for Plaintiff. Aside from the case style, the Complaint's next mentioning of Daraldik is on page ten, where it is simply alleged that he is the Senate President. (*Id.* at p. 10, ¶ 38). Daraldik is next alleged to be the "presiding officer" of the Senate and vaguely asserts Daraldik has "authority" over all other officers in the Senate. (*Id.* at p. 11, ¶¶ 45-46). Plaintiff next mentions Daraldik as having replaced Plaintiff after the no-confidence vote, "as required by Senate rules." (*Id.* at p. 22, ¶ 109). Daraldik is similarly alleged to "continue to enforce" the Senate's actions against Plaintiff. (*Id.* at p. 25, ¶ 124). The Complaint alleges FSU President Thrasher commented on statements made by Daraldik, which has no relevance to the facts at hand. (*Id.* at p. 26, ¶ 128). Finally, Plaintiff alleges Daraldik was simply presiding *when the Student Senate referred a nomination* to the Judiciary Committee. (*Id.* at pp. 30-31, ¶ 154).

In a forty-nine-page verified complaint, consisting of two-hundred and forty-three numbered paragraphs, Harmon is mentioned by name on four occasions and Daraldik on seven occasions. None of the allegations show either Daraldik or Harmon violated Plaintiff's constitutional rights-the allegations do not come close to hitting this mark.

The silence in Plaintiff's Complaint, as it relates to any affirmative acts by these defendants, is revealing. The pleading does not suggest Daraldik or Harmon took any affirmative acts that allegedly violated Plaintiff's rights (e.g., the pleading does not suggest either voted on the no-confidence issue) or that these individuals had some ability, for example, to veto the will and acts of the majority in this student organization. The pleading is silent, for example, on the fact of whether Harmon was even present for the time in which Plaintiff alleges his rights were violated.

It would be improper, as it appears suggested by Plaintiff here, to hold Daraldik and Harmon accountable for the actions of the individual senators, or vicariously as figure-heads of the student organization. It is well established in the Eleventh Circuit that "supervisory" officials are not liable under § 1983 for the unconstitutional acts of others. *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (citing *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994)). It is arguable that the defendants could even be considered supervisory, where the

14

Senate is comprised of students having equal votes. Regardless, the Complaint lacks any facts establishing these defendants had any authority to stop the conduct for which Plaintiff complains.

Daraldik and Harmon are entitled to qualified immunity.

### III. Plaintiff Fails to Plead Sufficient Facts to State a Claim Against Daraldik and Harmon.

In section II(B) above, Daraldik and Harmon show how Plaintiff failed to plead sufficient facts to establish a constitutional violation for purposes of qualified immunity. The same showing supports a broader argument that Plaintiff fails to plead sufficient facts to state any claims against Daraldik and Harmon.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do'…. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Twombly*, 550 U.S. at 555, 557). In addressing a motion to dismiss for failure to state a claim, the Court in *Ashcroft* provided:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference *that the defendant is liable* for the misconduct

15

> alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft*, 556 U.S. at 678 (citations omitted) (emphasis added).

Plaintiff alleges First Amendment Retaliation, First Amendment Content and Viewpoint Discrimination, and First Amendment Hostility claims against Daraldik, Harmon, and three FSU officials. (ECF. No. 1, ¶¶ 195-243). Plaintiff fails to specifically name Daraldik or Harmon in any of the forty-nine paragraphs of these counts. These paragraphs are replete, however, with references as to how the "Student Senate" allegedly wronged Plaintiff through the democratic process existent in the student organization. (*See, e.g.*, *id.* at ¶¶ 204-206). These counts also contain vague assertions of "Defendants" (presumably referring to all five named defendants) allegedly violating the law. (*See, e.g.*, *id.* at ¶¶ 212, 228, 243). As set forth in section II(B), the Complaint only references Daraldik by name seven times and Harmon four times, the majority if not all of which are informational only.

Despite the length of Plaintiff's Complaint, it provides nothing more than "threadbare recitals" of the elements of Plaintiff's claims and "conclusory statements" about Daraldik and Harmon's alleged association with Plaintiff's claims. Even accepting as true all of the Complaint's allegations, the Complaint

simply does not pass the "plausibility" requirement to state a claim against these two defendants. The Complaint does not contain any allegations that either Daraldik or Harmon took any affirmative acts that deprived Plaintiff of his constitutional rights. The Complaint does not successfully indicate, from a factual standpoint, what each individual did wrongfully. "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." *Ashcroft*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Plaintiff's Complaint is inadequate to show this Court how Plaintiff is plausibly entitled to relief against either Daraldik or Harmon.

## IV.  This Court Should Dismiss the Official Capacity Claims Against Daraldik and Harmon.

Because Plaintiff sued Daraldik and Harmon in their alleged official capacities (ECF No. 1, p. 1), the suit raises questions of Eleventh Amendment immunity. A suit against a governmental actor in his official capacity is treated as a suit against the state. *Gamble v. Fla. Dep't of Health & Rehab. Servs.*, 779 F.2d 1509, 1512 (11th Cir. 1986). Plaintiff's official capacity claims against these defendants fail, on immunity grounds, because states are not persons capable of being sued within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 68 (1989).

The *Ex parte Young* doctrine is a narrow exception to Eleventh Amendment immunity, which allows "suits against state officers seeking prospective equitable relief to end continuing violations of federal law." *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehab Servs.*, 225 F.3d 1208, 1219 (11th Cir. 2000). The doctrine only applies when "a violation of federal law by a state official is ongoing as opposed to cases in which federal law has been violated at one time or over a period of time in the past." *Id.*  The *Ex parte Young* doctrine is not applicable "to adjudicate the legality of past conduct." *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1337 (11th Cir. 1999); *see also*, *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 509 U.S. 139, 146 (1993) (finding the *Ex parte Young* doctrine does not permit judgments against state officers declaring they violated federal law in the past).

The *Ex parte Young* doctrine should not be applied to Daraldik and Harmon. These defendants are students, who are members of an extracurricular student activity.  This Court should dismiss the official capacity claims because Daraldik and Harmon are not state officials subject to the doctrine.  These defendants should not be considered state officers.  These students are not proper legal surrogates for FSU.  "Only if a state officer has the authority to enforce an unconstitutional act in the name of the state can the Supremacy Clause be invoked to strip the officer of his official or representative character and subject him to the individual

18

consequences of his conduct." *Id.* at 1341 (citing *Ex parte Young*, 209 U.S. 123, 159-60 (1908)). Neither Daraldik nor Harmon have the authority to enforce any act in the name of the State of Florida; the *Ex parte Young* "fiction" cannot operate against these defendants.

Moreover, the allegations against Daraldik and Harmon, as threadbare as they are, do not allege, or even suggest, these defendants are individually depriving Plaintiff of constitutional rights prospectively; the allegations against these defendants seek to adjudicate the legality of Daraldik and Harmon's past conduct.

Additionally, every defendant in this action has been sued in their official capacity, essentially meaning that FSU has been sued five times in this matter. Naming five individuals in this suit, all in their official capacity, is duplicative, redundant, and "only creates the possibility of confusing a jury." *See, e.g.*, *C.P. v. Collier Cty.*, 145 F. Supp. 3d 1085, 1091 (M.D. Fla. 2015) (citing *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991)). It makes little sense to name one of the two students as FSU's official-capacity representative, because they are not FSU officials and because of the transitional nature of Daraldik and Harmon, due to their time-limited tenure as FSU students and as figure-heads of the student government (new elections for senators are scheduled for October 2020).

## CONCLUSION

WHEREFORE, based upon the foregoing grounds and authorities, Defendants Daraldik and Harmon respectfully request this Court dismiss this action against these defendants with prejudice.

        *s/Brian C. Keri*
        BRIAN C. KERI (FBN 0087874)
        P.O. Box 13599
        Tallahassee, Florida 32317-3599
        Telephone: (850) 297-2222
        brianckeri@earthlink.net
        Attorney for Defendants Daraldik and Harmon

## CERTIFICATE OF COMPLIANCE WITH LOC. R. 7.1(F)

This response complies with Loc. R. 7.1(F), in that the number of words in the motion is 4,594.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by CM/ECF service to, Mark Welton, Esquire, 1020 S Ferdon Blvd., Crestview, FL 32536, David Cortman, Esquire, and Travis Barham, Esquire, 1000 Hurricane Shoals Rd NE, Lawrenceville, GA 30043, Tyson Langhofer, Esquire, 20116 Ashbrook Place, Ashburn, VA 20147, Robert Sniffen, Esquire, Elmer Ignacio, Esquire and Jeffrey Slanker, 123 N Monroe St, Tallahassee, FL 32301, on September 23, 2020.

        *s/Brian C. Keri*
        Brian C. Keri