UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**JACK D. DENTON,**

    Plaintiff,

v.                           Case No.: 4:20-cv-00425-AW-MAF

**JOHN E. THRASHER, President of
Florida State University, in his official
and individual capacities, et al.,**

    Defendants.
_____/

**MOTION TO DISSOLVE PRELIMINARY INJUNCTION
AND SUPPORTING MEMORANDUM OF LAW**

Pursuant to Fed. R. Civ. P. 60(b)(5), Defendants, **JOHN E. THRASHER**, in his official capacity; **AMY HECHT**, in her official capacity; and **BRANDON BOWDEN**, in his official capacity (collectively, "FSU" or the "University"), move to dissolve this Court's October 8, 2020 Order Granting in Part Plaintiff's Emergency Motion for Preliminary Injunction and state as follows:

1. Plaintiff filed his Complaint on August 31, 2020 alleging that his First Amendment rights were violated in connection with his removal from the position of student senate president of FSU's Student Government Association.

2. On September 4, 2020, Plaintiff moved for an emergency preliminary injunction asking this Court to, among other things, reinstate him to the student senate president position. (Doc. 13).

3. On October 8, 2020, the Court granted in part Plaintiff's Emergency Motion for Preliminary Injunction, ordering that FSU pay Plaintiff the student senate president wage of $9.00 per hour for six hours of work per week for the remainder of the current term of the student senate president.

4. As shown in Exhibits 1 and 2, Plaintiff has been fully compensated in accordance with the Court's October 8, 2020 Order. (Exhibits 1 and 2). Accordingly, the full relief required by the Court's October 8, 2020 Order is satisfied.

5. Having compensated Plaintiff $500.00 in full satisfaction of the Court's October 8, 2020 Order, there is no further relief Plaintiff may hope to secure against the University. The only remaining issue for adjudication is the individual capacity Defendants' Motion to Dismiss asserting qualified immunity, which remains pending. (Doc. 43).[1]

6. Plaintiff's counsel notified the undersigned that Plaintiff has graduated from the University. The 72nd student senate is adjourned. (*See* Exhibit 3)

---

[1] Plaintiff has also moved for leave to amend the Complaint; however, for the reasons set forth in Defendants' response to that motion amending the Complaint is precluded by the futility doctrine. (Doc. 63).

## **MEMORANDUM OF LAW**

At the outset of the litigation, Plaintiff moved for injunctive relief, which the Court awarded in part. The University fully complied with and satisfied its obligations under the October 8, 2020 Order and as the Court made clear in that Order, the remaining injunctive relief requested by Plaintiff against the University is not appropriate. Plaintiff's claim for injunctive relief and alleged need for declaratory and injunctive relief is no longer a live issue.

The 72nd Student Senate – and, accordingly, the student senate president's term - adjourned *sine die* on November 18, 2020.[2] Plaintiff has been paid the student senate president's hourly rate ($9.00) for six hours per week from October 16, 2020 to November 18, 2020. More specifically, Mr. Denton was issued a one time, lump sum payment in the amount of $500.00 for his services as student senate president. This amount covers the amount the University was required to pay.

A district court has continuing jurisdiction over a preliminary injunction and may relieve a party from obligations determined by the decree if it is no longer equitable. *Atlanta Journal and Constitution v. City of Atlanta Dept. of* Aviation, 6 F. Supp 2d 1359, 1364 (N.D. Ga. 1998) (citing Fed. R. Civ. P. 60(b)(5); *Canal Authority of Fla. v. Callaway*, 489 F.2d 567, 578 (5th Cir.1954). Rule 60(b)(5) of

---

[2] *See*, Exhibit 3, Student Government Association Senate Minutes - November 18 Meeting, https://sga.fsu.edu/minutes/SenateMinutes11_18_20.pdf.

the Federal Rule of Procedure states: "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons… the judgment has been satisfied, released or discharged." When moving to dissolve a court's order, the movant has the burden of proof. *United States v. Harrison County, Miss.,* 463 F.2d 1328, 1330 (5th Cir.1972).

There is no rigid rule or single formula that must be relied upon in order to dissolve a preliminary injunction, and a court may rely on a multitude of factors. *Building and Cons. Trades and Vicinity v. National Labor Relations Bd.,* 64 F.3d 880, 888 (3rd Cir. 1995). These factors include the circumstances leading to entry of the injunction and the nature of the conduct sought to be prevented, whether the party subject to its terms has complied, and the likelihood that the conduct or conditions sought to be prevented will recur absent the injunction. *Id.*

The University has complied with this Court's Order fully, and with Mr. Denton graduating and the 72nd student senate adjourning, the October 8, 2020 Order is fully satisfied. Therefore, the Courts October 8, 2020 Order should be dissolved.

## CONCLUSION

For the foregoing reasons, the University respectfully requests that this Court dissolve the preliminary injunction entered on October 8, 2020, along with such other and further relief as the Court deems appropriate.

Respectfully submitted,

/s/ *Robert J. Sniffen*
**ROBERT J. SNIFFEN**
Florida Bar Number: 0000795
rsniffen@sniffenlaw.com
**JEFFREY D. SLANKER**
Florida Bar Number: 100391
jslanker@sniffenlaw.com
**ELMER C. IGNACIO**
Florida Bar Number: 537683
eignacio@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*Counsel for John E. Thrasher, Brandon Bowden, and Amy Hecht in their Official Capacities*

## WORD COUNT CERTIFICATION

The undersigned certifies that this document complies with word limits set forth in N.D. Fla. Local Rule 7.1(F), as it contains 831 words, which includes the headings, footnotes, and quotations, but does not include the case style, signature block or Certificates of Word Count and Service.

/s/ *Robert J. Sniffen*
**ROBERT J. SNIFFEN**

5

## CERTIFICATE OF ATTORNEY CONFERENCE

The undersigned certifies that the movant conferred with opposing Counsel via telephone prior to filing this motion.

/s/ *Robert J. Sniffen*
**ROBERT J. SNIFFEN**

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 25th day of January, 2021, a true and correct copy of the foregoing was electronically filed in the U.S. District Court, Northern District of Florida, using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ *Robert J. Sniffen*
**ROBERT J. SNIFFEN**