IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JACK D. DENTON,

    Plaintiff,

v.                                                           Case No. 4:20-cv-425-AW-MAF

JOHN E. THRASHER, President of
Florida State University, in his official
and individual capacities, et al.,

    Defendants.

_____/

## ORDER GRANTING MOTION FOR LEAVE TO AMEND

After Jack Denton expressed views he found "consistent with the teachings of the Roman Catholic Church," he lost his position as student senate president. *See* ECF No. 1 ¶ 5. He sued, alleging First Amendment retaliation, among other things. This court granted in part his request for preliminary injunctive relief. ECF No. 55.

The parties agree that a lot has happened since then. Denton prevailed in his student supreme court proceeding, but there is some question about how effective his reinstatement was. *See* ECF No. 60 ¶ 3. Denton contends that Ahmad Daraldik refused to comply with the student supreme court decision, *see* ECF No. 60-1 ¶ 11, but apparently that issue has resolved, *see* ECF No. 60-1 ¶ 255 & n.16 (citing *Ready v. Daraldik*, No. 2020-CA-4 (Nov. 9, 2020), available at http://sga.fsu.edu/Reporter/2020-CA-4-Ready-v-Daraldik.pdf). The parties disagree about the extent to which the defendants complied with the court's injunction. *Compare* ECF No. 60 ¶ 5, ECF

No. 60-1 ¶¶ 256-261 *with* ECF No. 63 ¶¶ 37-40. And on the issue of whether a university administrator attempted to influence the student court's deliberations, they have submitted affidavits that squarely conflict. *Compare* ECF No. 63-8 (Griffis Decl.) ¶¶ 4-7 *with* ECF No. 60-2 (Ducey Decl.) ¶¶ 11-13. At any rate, there are new facts to contend with. To what extent these developments change Denton's claims remains to be seen. The issue now is whether Denton should be allowed to amend his complaint to allege new facts. *See* ECF No. 60.

To amend, Denton needs the defendants' consent or leave of court. Fed. R. Civ. P. 15(a)(2). He does not have the former, so he seeks the latter. In this circumstance, "[t]he court should freely give leave when justice so requires." *Id.* Courts must "liberally" allow amendments, *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984) (per curiam), and when a court denies leave, its reasons must be "substantial." *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988). Reasons that can suffice include that the amendment would be futile or prejudicial or cause undue delay, *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam).

We are early in the case, and the amendment will not cause undue delay. Nor will the amendment prejudice any defendant. Discovery has not begun, and—unless ordered otherwise—it will not begin until the qualified immunity issues are resolved.

The defendants' argument is that the amendment would be futile. Except as to one aspect, I cannot conclude that the defendants have shown futility.

The one exception is for the claims against President Thrasher in his individual capacity. As to these claims, neither the original complaint nor the proposed amended version includes "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 676 (citing *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691 (1978)). So to succeed, Denton would have to allege facts showing President Thrasher's own individual actions" violated his constitutional rights. *Id.* He has not done this.

The operative complaint alleges that President Thrasher "is the chief administrative officer of FSU and has supervisory authority over all of the University's activities." ECF No. 1 ¶ 18. It alleges further that President Thrasher "retains ultimate authority in matters of student conduct, including the promulgation of rules and regulations for student governance under the Student Body Constitution." *Id.* ¶ 20. And that "[o]n information and belief, Defendant Thrasher has authority to order any SGA official, including members of the Student Senate, to take action consistent with University policy or state and federal law." *Id.* ¶ 23. It

alleges—again "on information and belief"—that President Thrasher knew about letters between Denton and Hecht. *Id.* ¶ 181. And it alleges that he had "the authority and the obligation to order Defendant Hecht to correct the Student Senate's removal of Mr. Denton," but that he did nothing. *Id.* ¶ 182. The proposed amended complaint repeats those allegations, adding nothing of any significance. *See*, *e.g.*, ECF No. 60-1 ¶¶ 21-23, 26, 135, 137-38, 187-88, 290, 307, 309.[1]

To the extent Denton alleges President Thrasher had the obligation to act, *see, e.g.*, ECF No. 60-1 ¶¶ 137, 188, 290, these are legal conclusions, not entitled to the presumption of truth. *See Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements."). What matters are the well-pleaded facts, and those—even viewed in a light most favorable to Denton—do not show that President Thrasher violated Denton's constitutional rights. The facts show, at best, that President Thrasher was the University's leader

---

[1] New allegations include that "[o]n information and belief, Defendant Thrasher has knowledge of this Court's order, the Student Supreme Court's order, and the acts of Defendants Hecht and Bowden, but has not corrected them even though he has the authority and responsibility to do so," ECF No. 60-1 ¶ 252, and that President Thrasher (and others) "have not granted Mr. Denton access to the Student Senate President's email, as they or their employees did when Mr. Denton was initially elected president," *id.* ¶ 262. But there are no factual allegations to support a conclusion that the university president is personally responsible for assigning student-government email addresses.

and had supervisory authority over all its employees. This is not enough to state a § 1983 claim for individual liability. There are no allegations about any specific actions President Thrasher took[2]; there are only allegations that he did not intervene. In some instances, a failure to intervene can support § 1983 liability, *see, e.g.*, *Skrtich v. Thornton*, 280 F.3d 1295, 1301 (11th Cir. 2002) ("[A]n officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force can be held personally liable for his nonfeasance."), but there are no well-pleaded allegations here showing that to be the case.

I therefore conclude that the proposed amendment as to President Thrasher would be futile. The same is not necessarily true as to the other administrative defendants. The proposed amended complaint includes several new factual allegations against those defendants, mostly relating to what happened after the preliminary injunction issued. *See, e.g.*, ECF No. 60-1 ¶¶ 9-11, 194-263. And unlike the allegations about President Thrasher, some of these allegations relate to specific actions these defendants took.

---

[2] There is one exception: The original and proposed amended complaints allege that President Thrasher publicly condemned as "offensive anti-Semitic rhetoric" some of Daraldik's comments. ECF No. 1 ¶ 165; No. 61-1 ¶ 172. This one alleged action is insufficient to support a claim against President Thrasher.

The defendants maintain that even with the new allegations, the are still entitled to dismissal. But it is not clear that this is so. After the amended complaint is filed, the defendants can move to dismiss, and the issue can be briefed and decided.

Defendant Daraldik likewise argues futility.[3] He contends that his qualified immunity and no-state-action defenses will remain unchanged. But there are new facts alleged against Daraldik, *see, e.g.*, ECF No. 60-1 ¶¶ 11, 213-14, 224, 226-28, 240-45, 251, 253-55, and it is not clear that the precise application of those defenses would be the same as before. It is therefore not clear that the amendment would be futile, so, as with the administrative defendants, the defenses should be addressed in a subsequent motion to dismiss, subject to full briefing.

Last, the administrator defendants argue that the official-capacity claims for injunctive relief are moot. Even assuming that Denton's elected term is now over (as the parties seem to agree), though, the proposed amended complaint seeks additional injunctive relief, including relief elated to recordkeeping. The claims are not moot.

IT IS NOW ORDERED:

1.    The motion to amend (ECF No. 60) is GRANTED, except to the extent Denton seeks to include a claim against President Thrasher in his individual capacity without alleging new, specific facts that would support such a claim.

---

[3] The proposed amended complaint would drop the other student defendant, Alexander Harmon.

2.	Within 14 days, Denton may file a First Amended Complaint. The defendants must respond within 14 days thereafter.

3.	Any defendant filing a new motion to dismiss may incorporate by reference arguments made in his or her earlier motion, but the new motion and any incorporated arguments must together be within the local rule's word limit.

4.	The motions to dismiss (ECF Nos. 43, 49) are DENIED as moot.

SO ORDERED on January 28, 2020.

>	s/ *Allen Winsor*
>	United States District Judge