## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**JACK D. DENTON**

      Plaintiff,

v.                              **CASE NO.: 4:20-cv-00425-AW/MAF**

**AMY HECHT, Vice President for Student Affairs**
**At Florida State University, in her official and**
**Individual capacities, et al.**

      Defendants.

_____/

## <u>DEFENDANT DARALDIK'S MOTION TO DISMISS</u>
## <u>AMENDED COMPLAINT WITH PREJUDICE</u>
## <u>AND SUPPORTING MEMORANDUM OF LAW</u>

      Defendant, Ahmad Daraldik, hereby moves this Court to dismiss Plaintiff

Jack Denton's Amended Verified Complaint (ECF No. 69) pursuant to Rule

12(b)(6), Federal Rules of Civil Procedure, and as grounds therefore, states as

follows:

      1.    Plaintiff asserts a three-count claim against Daraldik in his individual

capacity only.  Plaintiff brings this claim under 42 U.S.C. § 1983, alleging Plaintiff

was removed from his position as President of Florida State University's ("FSU")

Student Senate, which is a part of FSU's Student Government Association

("SGA"), in violation of the First Amendment to the United States Constitution.

2.      This Court should dismiss Plaintiff's Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted. Specifically, dismissal is warranted because: (1) Daraldik is not a state actor and thus cannot be subjected to liability under 42 U.S.C. § 1983; (2) qualified immunity bars Plaintiff's claims against Daraldik; and (3) Plaintiff fails to plead sufficient facts to state claims for relief against Daraldik.

WHEREFORE, for the reasons set forth in the Memorandum of Law, incorporated *infra*, Defendant Daraldik respectfully requests this Court dismiss Plaintiff's Amended Complaint with prejudice.

## MEMORANDUM OF LAW

In determining whether dismissal is warranted under Rule 12, the allegations of the complaint are taken as true and construed in the light most favorable to the non-moving party. *See Scott v. Taylor*, 405 F.3d 1251, 1253 (11th Cir. 2005). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). The Court's analysis must disregard conclusory statements in the complaint, as well as legal conclusions pled as factual allegations. *Iqbal*, 556 U.S. at 678.

## I.     Lack of State Action Precludes Liability Against Daraldik Under 42 U.S.C. § 1983.

"The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights 'fairly attributable to the state?'" *Rendell–Baker v. Kohn*, 457 U.S. 830, 838 (1982).  A court's inquiry ends where the actions of the defendants are not state action.  *Id.*

The § 1983 claims against Daraldik fail to allege state action by this FSU student.  Plaintiff's Complaint seeks to impose § 1983 liability on Daraldik not due to any affirmative acts he individually took against Plaintiff to deprive Plaintiff of First Amendment rights, but rather, for the sole fact that this individual is a figure-head of the Student Senate, in that he serves as the Senate President.  Regardless, "student members of a student government organization are not state actors in the absence of allegations that college officials 'coerced or encouraged' the alleged acts of the students.  *Dharod v. Los Angeles City Coll.*, 2011 WL 3555622, at *6 (C.D. Cal. June 7, 2011), *report and recommendation adopted*, 2011 WL 3555793 (C.D. Cal. Aug. 11, 2011), *aff'd in part, vacated in part, remanded*, 509 F. App'x 664 (9th Cir. 2013) (citing *Husain v. Springer*, 494 F.3d 108, 134-35 (2d Cir. 2007), *cert denied*, 552 U.S. 1258 (2008)); *see also*, *San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 546 (1987) (holding a

government failure to supervise or "mere approval or acquiescence" in the private decision of a private actor does not render the private entity a state actor).

In *Dharod*, the plaintiff, an elected member of the college's student government, brought claims alleging constitutional violations, pursuant to § 1983, against fellow students serving in student government, after the plaintiff was impeached and removed from the student senate. The plaintiff's claims were dismissed with prejudice on a finding that the student defendants were not acting under the color of state law in impeaching the plaintiff. *Dharod*, 2011 WL 3555622 at *7. The *Dharod* court concluded that the private decisions made by the private student defendants were insufficient to transform the student defendants into state actors.[1] *Id.* (citing *San Francisco Arts & Athletics, Inc.*, 483 U.S. at 546); *see also*, *Fla. A&M Univ. Bd. Of Trustees v. Bruno*, 198 So. 3d 1040, 1044-45 (Fla. 1st DCA 2016) (finding "student government is an extracurricular activity-not real government-and it is well-settled that students have no constitutionally protected right to participate in extracurricular activities) (citations omitted). "[T]he mere fact that the students' conduct was 'authorized by state law' [is] insufficient to demonstrate that the students were state actors." *Dharod*, 2011 WL 3555622 at *7 (citing *Husain*, 494 F.3d at 116-18, 134-35).

---

[1] The Ninth Circuit specifically affirmed this portion of the district court's opinion. *Dharod*, 509 F. App'x at 664.

Plaintiff has brought three counts against Daraldik, all under § 1983.  The entire complaint asserted against Daraldik should be dismissed because Plaintiff fails to allege that FSU officials "coerced or encouraged" any acts specifically attributable to this Defendant.  This dismissal should be with prejudice, as Plaintiff's verified Amended Complaint admits that "University officials took no action to correct the Student Senate's clear violation of Mr. Denton's rights, despite having the authority to do so."  (ECF No. 69, p. 4-5, ¶ 8).  Plaintiff expressly recognizes Daraldik was not compelled by FSU to take any action.  As *Rendell–Baker v. Kohn* provides, this Court's inquiry stops here as no state action occurred.  *Rendell–Baker*, 457 U.S. at 838; *see also*, *Dharod*, 2011 WL 3555622, at *7 (finding dismissal with prejudice appropriate where the plaintiff alleged the college officials did not intervene in the student-defendants' actions).  Dismissal with prejudice, of Plaintiff's claims against Daraldik in his individual capacity, is warranted.

## II.   <u>Qualified Immunity Bars Claims Brought Against Daraldik in his Individual Capacity.</u>

If this Court were to find that Plaintiff adequately pleaded state action on Daraldik's part, dismissal with prejudice is nevertheless warranted because this defendant is entitled to qualified immunity.

"Qualified immunity" requires courts dismiss claims against government actors sued in their individual capacities unless the actors' conduct violates "clearly

established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  That qualified immunity protects government actors is the usual rule; only in exceptional cases will such actors have no shield for claims made against them in their individual capacities.  *Id.*  The immunity protects "all but the plainly incompetent or those who knowingly violate the law."  *Malley v. Briggs*, 475 U.S. 335, 341 (1986); *see also*, *Holt v. U.S. Atty. Gen.*, 486 F. App'x 97, 99 (11th Cir. 2012) (noting qualified immunity offers complete protection).

Explaining the rationale behind the qualified immunity defense, the Eleventh Circuit has stated:

> Claims for money damages against government officials in their individual capacity involve substantial costs not only for the individual official—who incidentally may be innocent—but for society in general. "These social costs include the expenses of litigation, the diversion of official energy from pressing public issues, and the deterrence of able citizens from acceptance of public office. Finally, there is the danger that fear of being sued will 'dampen the ardor of all but the most resolute, or the most irresponsible [public officials], in the unflinching discharge of their duties.'"

*Foy v. Holston*, 94 F.3d 1528, 1532 (11th Cir. 1996) (quoting *Harlow*, 457 U.S. at 814).  "Qualified immunity is meant to ensure that government officials are not afraid to fulfill their job-related responsibilities."  *Williams v. Consol. City of Jacksonville*, 381 F.3d 1298, 1307 (11th Cir. 2004) (citation omitted).

These policies behind the qualified immunity defense dictate that the defense be decided as early as possible in a case. *See, e.g.*, *Anderson v. Creighton*, 483 U.S. 635, 646 n. 6 (1987). A reviewing court may address qualified immunity by motion to dismiss. *See, e.g.*, *Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010) (affirming district court order granting motion to dismiss on qualified immunity grounds).

"In order to receive qualified immunity, the public official must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002). Government employees act within their discretionary authority where objective circumstances show the challenged actions occurred in the performance of the employees' duties "and within the scope of this authority." *Boyce v. Andrew*, 510 F.3d 1333, 1341 (11th Cir. 2007).

If this Court finds that, contrary to the argument *supra*, the factual assertions against Daraldik plead state action, this Court should conclude this defendant was acting within the scope of his discretionary authority, as the facts alleged against this defendant is all related to acts carried out in his capacity as an SGA student senator.[2]

---

[2] It seems impossible that Daraldik's actions could be state action for § 1983 purposes and somehow not concurrently taken within their discretionary authority as student senator.

Establishing the alleged constitutional violation occurred while the public official was acting within the scope of discretionary authority, the burden shifts to the plaintiff to overcome the defense of qualified immunity. *Moran v. Cameron*, 362 F. App'x 88, 92 (11th Cir. 2010). "The applicability of qualified immunity is subject to a two-part test, which asks whether the officer's conduct amounted to a constitutional violation, and whether the right violated was clearly established at the time of the violation." *Blickley v. Ford*, 390 F. App'x 890, 892 (11th Cir. 2010). The order of the inquiry is fluid, providing the reviewing court the flexibility to address the two issues in either order. *Blickley*, 390 F. App'x at 892; *Lewis v. City of West Palm Beach, Fla.*, 561 F.3d 1288, 1291 (11th Cir. 2009) (citing *Pearson v. Callahan*, 555 U.S. 223, 242 (2009)). If a plaintiff cannot prove either part of the two-part test, further inquiry into the other part is not necessary by the reviewing court, as the government official is entitled to qualified immunity. *See*, *e.g.*, *Melton v. Abston*, 841 F.3d 1207, 1221 (11th Cir. 2016) (noting a plaintiff must establish both prongs of the analysis to overcome a defense of qualified immunity); *Federov v. Bd. of Regents*, 194 F. Supp. 2d 1378, 1390 (S.D. Ga. 2002).

A.    **The Law is Not Clearly Established.**

Daraldik is entitled to qualified immunity because Plaintiff cannot show that the rights asserted by him were clearly established at the time of the alleged

violation. "For the law to be clearly established, the law must have earlier been developed in such a concrete and factually defined context to make it obvious to all reasonable government actors, in the defendant's place, that 'what he is doing' violates federal law." *Sherrod v. Johnson*, 667 F.3d 1359, 1363 (11th Cir. 2012) (citing *Anderson*, 483 U.S. at 640).

Plaintiff's burden is not satisfied by referencing abstract constitutional guarantees. *Anderson*, 483 U.S. at 640. Where precedent makes the unlawfulness of the defendant's actions apparent, then the law is clearly established. *McMillian v. Johnson*, 88 F.3d 877,881 n.6 (11th Cir. 1995). In determining whether the law was clearly established, this Court should look only to binding precedent at the time of the challenged conduct, which includes decisions of the Supreme Court, decisions of the Eleventh Circuit, or decisions of the Florida Supreme Court. *Echols v. Lawton*, 913 F.3d 1313, 1324 (11th Cir. 2019). "If case law, in factual terms, has not staked out a bright line, qualified immunity almost always protects the defendant." *Post v. City of Fort Lauderdale*, 7 F.3d 1552, 1557 (11th Cir. 1993).

The Eleventh Circuit has held "[i]t is particularly difficult to overcome the qualified immunity defense in the First Amendment context." *Gaines v. Wardynski*, 871 F.3d 1203, 1210 (11th Cir. 2017) (citing *Maggio v. Sipple*, 211 F.3d 1346, 1354 (11th Cir. 2000) (" 'a defendant in a First Amendment suit will

only rarely be on notice that his actions are unlawful' ") (citation omitted); *Hansen v. Soldenwagner*, 19 F.3d 573, 576 (11th Cir. 1994) (observing that decisions in the First Amendment context "tilt strongly in favor of immunity" and only in the rarest of cases will it be found that a reasonable official should have known that he violated "clearly established" law); *Dartland v. Metropolitan Dade Cty*., 866 F.2d 1321, 1323 (11th Cir. 1989) (noting that only "the extraordinary case" will survive qualified immunity in the First Amendment context)).  With respect to Daraldik, this is simply not one of those "extraordinary cases" where immunity should be abrogated.  To deny Daraldik qualified immunity, Plaintiff suggests a young student, participating in an extra-curricular activity, should be akin to a constitutional scholar-this position lacks merit.

Plaintiff cannot show the law is clearly established under the particular facts of this case.  Simply, Plaintiff cannot point to decisions addressing the bounds of the First Amendment in the student government context, making it obvious to Daraldik, that the actions attributed specifically to him violated federal law.  There are no decisions of the Supreme Court, Eleventh Circuit, or Florida Supreme Court that satisfy Plaintiff's burden.

While there are no decisions that establish the second prong of the qualified immunity analysis for Plaintiff, there are decisions which support Daraldik's entitlement to qualified immunity.  For example, in *Siddique v. Lailiberte*, 972

F.3d 898 (7th Cir. 2020), the Seventh Circuit Court of Appeals recently addressed a claim with facts similar to those before this Court.  In *Siddique*, the plaintiff was a student at the University of Wisconsin whose application for a student-government position was rejected.  *Id.* at 900.  The plaintiff alleged the rejection violated his First Amendment rights, contending that he was retaliated against for his critical stances against the university administration who worked with the student government.  *Id.*  The district court found qualified immunity applied by concluding that federal law had not clearly established the right of a student to participate in student government.  *Id.* at 902.  The Seventh Circuit affirmed.  *Id.*

Finding the defendants were entitled to qualified immunity, the *Siddique* court found:

> [W]e must "define carefully, and at the right level of detail, the constitutional right" being asserted.  *Frederickson v. Landeros*, 943 F.3d 1054, 1059 (7th Cir. 2019); *see also White v. Pauly*, --- U.S. ---, 137 S. Ct. 548, 552, 196 L.Ed.2d 463 (2017) (per curiam).  For a right to be clearly established, "existing precedent must have placed the statutory or constitutional question beyond debate."  *Mullinex v. Luna*, --- U.S. ---, 136 S.Ct. 305, 308, 193 L.Ed.2d 255 (2015) (quoting *Ashcroft v. al-Kidd*, 536 U.S. 731, 741, 131 S. Ct. 2074, 179 L.Ed.2d 1149 (2011)).  And while a case directly on point is not required, "the clearly established law must be 'particularized' to the facts of the case."  *White*, 137 S. Ct. at 552 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L.Ed.2d 523 (1987)).

*Siddique*, 2020 WL 5035811 at 903.  The court found no cases addressing the bounds of First Amendment retaliation in the student government context, much less the factual context presented by the plaintiff.  *Id.*  The court found it was

"left without any analogous comparators applying First Amendment retaliation principles to student-government operations" and as such, the plaintiff "did not meet his burden in coming forward with clearly established federal law that places 'the statutory or constitutional question beyond debate.'" *Id.* at 904-5 (citations omitted).

The analysis in *Siddique* compels a similar conclusion here. The Seventh Circuit addressed the asserted right of participation in student government, and could find no authority clearly establishing that right. In this case, the particular factual context is far narrower than *Siddique*. There is no question that Plaintiff continued to participate in student government, as even after the no-confidence vote, Plaintiff remained a senator. The particular right Plaintiff proffers in this case is not simply a right to participate in student activities, but rather, an alleged constitutional right to remain a figure-head of a student organization that self-determines, by a democratic vote, who serves amongst themselves as such figure-head. Plaintiff cannot come forward with clearly established law that puts this question beyond debate. Daraldik is entitled to qualified immunity.

## B.   Deficiency in Plaintiff's Factual Pleadings.

In addition to showing a clearly established right at the time of the challenged conduct, the Plaintiff also must plead facts showing that the state actor

violated a statutory or constitutional right to overcome qualified immunity. *Echols*, 913 F.3d at 1319.  Plaintiff fails to meet this pleading obligation.

Similar to the initial complaint, the pleadings in the Amended Complaint do not show Daraldik individually violated a constitutional right, and thus the deficient pleading does not overcome Daraldik's qualified immunity.  Like the initial complaint, Plaintiff simply alleges that Daraldik was presiding over the student senate that held a vote of no-confidence against Plaintiff.  Plaintiff very carefully alleges, and rightfully so, that the Student Senate, as opposed to Daraldik individually, took action that affected Plaintiff.  The pleading does not sufficiently allege any facts that would make Daraldik individually liable under § 1983.

Aside from the "event" regarding the no-confidence vote which removed Plaintiff from the Senate President position in July 2020, Plaintiff interjects a new "event" that occurred after the filing of Plaintiff's initial complaint, but these updated allegations do not deprive Daraldik of his entitlement to qualified immunity.  Plaintiff alleges his complaint was heard by the student court, which on October 26, 2020, ruled in Plaintiff's favor.  (ECF No. 69, ¶ 199).  Plaintiff acknowledges Daraldik appealed the ruling to Defendant Hecht on the same day as the student court opinion.  (*Id.* at ¶ 201).  The student senate convened on October 28, 2020, just two days after the appeal was filed.  (*Id.* at ¶ 210).  Regardless of the fact that no state action (e.g., the University had not yet ruled on the appeal) had

occurred at this point, Daraldik ceded control of the senate meeting to Plaintiff. (*Id.* at ¶ 213).  After ceding to Plaintiff, Daraldik left the meeting and did not attend any other meetings of the 72nd Senate.  Plaintiff presided over the senate's November 4, 2020, meeting.  (*Id.* at ¶ 229).  These allegations are insufficient to show Daraldik violated Plaintiff's constitutional rights.

In a sixty-three-page verified amended complaint, consisting of three-hundred and twelve numbered paragraphs, Daraldik is mentioned by name on thirty-three occasions.  None of the allegations show Daraldik violated Plaintiff's constitutional rights-the allegations do not come close to hitting this mark.

It would be improper, as it appears suggested by Plaintiff here, to hold Daraldik accountable for the actions of the individual senators, or vicariously as figure-heads of the student organization.  It is well established in the Eleventh Circuit that "supervisory" officials are not liable under § 1983 for the unconstitutional acts of others.  *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (citing *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994)).  It is arguable that the defendant could even be considered supervisory, where the Senate is comprised of students having equal votes.  Regardless, the Amended Complaint lacks any facts establishing this defendant had any authority to stop the conduct for which Plaintiff complains.

Daraldik is entitled to qualified immunity.

14

## III.   <u>Plaintiff Fails to Plead Sufficient Facts to State a Claim Against Daraldik.</u>

In section II(B) above, Daraldik shows how Plaintiff failed to plead sufficient facts to establish a constitutional violation for purposes of qualified immunity.  The same showing supports a broader argument that Plaintiff fails to plead sufficient facts to state any claims against Daraldik.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do'…. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Twombly*, 550 U.S. at 555, 557).  In addressing a motion to dismiss for failure to state a claim, the Court in *Ashcroft* provided:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference *that the defendant is liable* for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft*, 556 U.S. at 678 (citations omitted) (emphasis added).

Plaintiff alleges First Amendment Retaliation, First Amendment Content and Viewpoint Discrimination, and First Amendment Hostility claims against Daraldik and two FSU officials.  (ECF. No. 69, ¶¶ 264-312).  In the initial complaint (ECF No. 1), Plaintiff failed to specifically name Daraldik in any of the forty-nine paragraphs of these three counts.  In the Amended Complaint, Plaintiff references Daraldik one time in each of the counts (again, consisting of forty-nine total paragraphs), identically alleging that "…Daraldik continued to enforce the Student Senate's removal of Mr. Denton, even after this Court found that it was unconstitutional and the Student Supreme Court ordered Mr. Denton's reinstatement."  (ECF No. 69, ¶¶ 280, 296, 311).  These paragraphs are replete, however, with references as to how the "Student Senate" allegedly wronged Plaintiff through the democratic process existent in the student organization.  (*See, e.g.*, *id.* at ¶¶ 273-275).  The counts also allege Defendants Hecht and Bowden possessed the authority to remedy the Student Senate's acts (presumably through state action), but does not make a similar allegation as to Daraldik, a student at FSU.  (*Id.* at ¶¶ 278-79; 294-95; 309-10).

Despite the length of Plaintiff's Complaint, it provides nothing more than "threadbare recitals" of the elements of Plaintiff's claims and "conclusory statements" about Daraldik's alleged association with Plaintiff's claims.  Even accepting as true all of the Complaint's allegations, the Complaint simply does not

pass the "plausibility" requirement to state a claim against Daraldik.  The

Complaint does not contain any factual allegations that Daraldik affirmatively

deprived Plaintiff of his constitutional rights.  The Complaint does not successfully

indicate, from a factual standpoint, what Daraldik did wrongfully.  "[W]here the

well-pleaded facts do not permit the court to infer more than a mere possibility of

misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader

is entitled to relief."  *Ashcroft*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Plaintiff's Complaint is inadequate to show this Court how Plaintiff is plausibly

entitled to relief against Daraldik.

## CONCLUSION

WHEREFORE, based upon the foregoing grounds and authorities,

Defendant Daraldik respectfully requests this Court dismiss this action against this

defendant with prejudice.

*s/Brian C. Keri*
BRIAN C. KERI (FBN 0087874)
P.O. Box 13599
Tallahassee, Florida 32317-3599
Telephone: (850) 297-2222
brianckeri@earthlink.net
Attorney for Defendants Daraldik

## **CERTIFICATE OF COMPLIANCE WITH LOC. R. 7.1(F)**

This response complies with Loc. R. 7.1(F), in that the number of words in the motion is 3969.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by CM/ECF service to, Mark Welton, Esquire, 1020 S Ferdon Blvd., Crestview, FL 32536, David Cortman, Esquire, and Travis Barham, Esquire, 1000 Hurricane Shoals Rd NE, Lawrenceville, GA 30043, Tyson Langhofer, Esquire, 20116 Ashbrook Place, Ashburn, VA 20147, Robert Sniffen, Esquire, Elmer Ignacio, Esquire and Jeffrey Slanker, 123 N Monroe St, Tallahassee, FL 32301, on March 11, 2021.

*s/Brian C. Keri*
Brian C. Keri
